IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Amy Marie Kemper,

        Plaintiff,

                          Case No. 1:15-cv-2961-MLB

v.

Equity Insurance Company,

        Defendant.

_____/

## ORDER

This bad faith failure-to-settle case arises from an automobile accident involving Plaintiff Amy Marie Kemper and Defendant Equity Insurance Company's insured, Christopher Brown. Plaintiff moves to preclude attorney James Randolph Evans from offering expert testimony about (1) "the custom and practice of claims professionals in the insurance industry" and (2) "establishing escrow accounts." (Dkt. 293 at 1.) The Court grants Plaintiff's motion as to the latter but not the former.

### I.    Legal Standard

"Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he [or she]

intends to address; (2) the methodology by which the expert reaches his [or her] conclusions is sufficiently reliable . . . ; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). "The party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005).

## II. Discussion

### A. Insurance Custom and Practice

In his expert report, Mr. Evans opines that Defendant "Equity and its representatives acted in accordance with the custom, practice and usage in insurance, obligations under the policy, and obligations imposed under Georgia and federal law." (Dkt. 189-3 at 6.) Plaintiff says Mr. Evans is not qualified to opine on "the custom and practice of claims professionals in the insurance industry" because "he is not an insurance adjuster" and "has no practical experience in the insurance industry." (Dkt. 293 at 1.) In response, Mr. Evans has submitted an affidavit explaining that he personally "adjusted third-party insurance claims"—

and "supervised claims adjusters"—when he "worked as counsel for various insurance companies" in Georgia between 1990 and 2015. (Dkt. 260-1 ¶¶ 3–5.) Plaintiff says the Court should disregard this information because Defendant failed to disclose it during the discovery period in violation of Rule 26. (Dkt. 300 at 4.) The Court declines to disregard the information and thus denies Plaintiff's motion.

Rule 26 required Defendant to disclose Mr. Evans's "qualifications" during discovery. Fed. R. Civ. P. 26(a)(2)(B)(iv). Defendant did so more than four years ago. (Dkt. 189-3.) It sent Plaintiff 24 pages of information about Mr. Evans's credentials, including a summary of his experience in the insurance industry:

> [Mr. Evans's] experience includes advising, assisting, *performing*, representing, and evaluating for and on behalf of insurance companies throughout the United States and in the State of Georgia regarding insurance policy forms, claims handling guidelines, *claims handling*, unfair trade practices acts, unfair settlement practices acts, the custom, practice and usage in the insurance industry, insurance regulations, insurance issuance, drafting policy language, interpreting policy language, applying policy language, *settling insurance claims*, responding to time-limited settlement demands, set-ups of insurance companies, and the general, legal, regulatory and common law standards of care for insurers, claims adjusters, and brokers.

(*Id.* at 2 (emphasis added).)

Although this description could certainly be clearer and more detailed, it does suggest—at least on one reading—that Mr. Evans "perform[ed] . . . claims handling" for insurance companies in Georgia. If Plaintiff wanted to dig deeper into that experience, she could have done so at Mr. Evans's deposition. "[A]n expert's report [need not] be so detailed as to completely eliminate the need for a deposition." *Robinson v. District of Columbia*, 75 F. Supp. 3d 190, 195 (D.D.C. 2014). And it need not "provide the most comprehensive explanation" of the expert's qualifications. *Id.* It need only give "adequate notice to the other side." *Id.* And Defendant's notice was at least arguably adequate here. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010) ("The purpose of . . . expert reports is not to replicate every word that the expert might say on the stand. It is instead to convey the substance of the expert's opinion so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary.").

The Court need not resolve the issue, however, because, either way, the right thing to do here is (1) consider—rather than ignore—Mr. Evans's claims handling experience and (2) let Plaintiff depose Mr. Evans about that experience. *See Green v. Five Star Mfg., Inc.*, 2016 WL

1243757, at *3 (N.D. Ala. Mar. 30, 2016) (declining to strike an expert affidavit filed after discovery because it "does not offer any new opinions" and instead "provides greater detail regarding [the affiant's] qualifications to testify as an expert witness in this action"). That will avoid any material prejudice to Plaintiff, including the specific prejudice about which she complains. (*See* Dkt. 300 at 4 ("Kemper was denied the opportunity to cross-examine [Mr. Evans] on his alleged adjuster career.")); *see Robinson*, 75 F. Supp. 3d at 197 ("[T]he Court believes that any possible prejudice to Plaintiff can be eliminated by giving her the opportunity to further depose [the expert] about these late-produced materials."). It will cause little (if any) delay since a trial date has not yet been set. *See Jalowsky v. Provident Life & Accident Ins. Co.*, 2020 WL 3639727, at *4 (D. Ariz. July 6, 2020) ("there is still time for [plaintiff] to depose [defendant's expert] about the late-produced material" because "[t]he trial date has not yet been set in this matter"). And it will further this Circuit's "strong policy of determining cases on their merits when reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014). It also recognizes that Defendant's disclosure of Mr. Evans's qualifications could fairly be read to include *or* omit his hands-

on claims adjustment experience.  So neither party bears much (if any) blame for their conflicting readings.

If Plaintiff does elect to depose Mr. Evans about his claims handling experience, she must do so within thirty days of this Order.  Any such deposition should last no longer than two hours.  Plaintiff may renew her motion to exclude Mr. Evans's expert testimony pending the outcome of the deposition.  She must file any such motion within 30 days from the day of the deposition.  In the meantime, the Court denies (without prejudice) Plaintiff's motion to exclude Mr. Evans's testimony on "the custom and practice of claims professionals in the insurance industry."[1]

---

[1] Plaintiff's reply brief appears to challenge the admissibility of Mr. Evans's expert testimony about "the conflicting and sometimes irreconcilable Georgia law as of June 2012 concerning what reasonable insurers could/should do in response to third-party demands in policy limits cases when liability is clear."  (Dkts. 299 at 16; 300 at 5–8.) Plaintiff frames this testimony—which ostensibly concerns the "obligations imposed under Georgia and federal law"—as synonymous with Mr. Evans's testimony about "the custom, practice and usage in insurance."  (Dkt. 189-3 at 6.)  But the Court sees a distinction between the two (even if Defendant's brief admittedly blurs that distinction at times).  To the extent Plaintiff wants to exclude Mr. Evans's testimony about the legal landscape in 2012 (or anything else), she should seek to do so head-on in a future motion.  Any such motion should be crystal clear about the testimony it seeks to exclude (such as by quoting the specific challenged testimony from Mr. Evans's expert report) and the grounds for the exclusion sought.

**B.  Escrow Accounts**

In his expert report, Mr. Evans opines that "[b]anks are routinely familiar with setting up escrow accounts and customers requesting an escrow account can get assistance from a bank manager or assistant manager in setting up such an escrow account."  (Dkt. 189-3 at 5.) Plaintiff claims Mr. Evans is not qualified to express this opinion because he has "no experience working in the banking industry" and "has little knowledge about what goes on in a bank," especially in connection with forming an escrow account.  (Dkt. 293 at 7–8.)  The Court agrees.

"A witness is qualified as an expert if he is the type of person who should be testifying on the matter at hand." *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 852 (11th Cir. 2021).  He need not be "a leading authority in the field in question." *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293, 1304 (N.D. Ga. 2008).  But he must be "qualified by knowledge, skill, experience, training, or education to render the opinion." *Id.*; *see Moore*, 995 F.3d at 851 ("[E]xpert status may be based on knowledge, skill, experience, training, or education.").

Defendant has not shown Mr. Evans is qualified—on *any* of these grounds—to testify about the establishment of escrow accounts at a bank.

7

Indeed, Defendant does not even try to make that showing. Defendant instead claims "the true issue is whether the actions [Defendant] took, including its request that [Plaintiff] set up an escrow account for any 'pending liens,' met the custom and practice of the insurance industry in June 2012"—and that Mr. Evans is "allow[ed] . . . to express his opinions on that true issue." (Dkt. 299 at 17.) Maybe he is. But Plaintiff seeks to exclude specific testimony on a narrower issue here. And Defendant has done nothing to defend Mr. Evans's qualifications to present that testimony. So Defendant has failed to meet its burden to show the expert testimony is admissible.

Even if Defendant had tried to meet its burden, it likely could not have done so. Mr. Evans is an attorney, not a banker. He has never worked in a bank (beyond a summer job mopping floors as a teenager). (Dkt. 237-1 at 110–11.) His experience with escrow account formation is unclear but apparently limited to personal real estate transactions (such as "buying and swapping land" with family, often without the involvement of lawyers or real estate agents). (*Id.* at 112–13.) And, tellingly, he testified at his deposition that he cannot "pretend to be an expert in the area of how you set up an escrow account." (*Id.* at 113.) All

of this suggests Mr. Evans is "seeking to testify outside the scope of his academic and professional specialty." *Moore*, 995 F.3d at 853 n.12. And that is fatal to the admissibility of his testimony. *See Trilink*, 583 F. Supp. 2d at 1304 ("[An expert] must stay within the reasonable confines of his subject area. Thus, many courts have excluded testimony when they determine that the witness is testifying to an area outside of—but related to—his expertise."). The Court thus grants Plaintiff's motion to exclude Mr. Evans's testimony on escrow account formation.

### III.  Conclusion

Plaintiff's *Daubert* Motion to Exclude, in Part, Testimony of J. Randolph Evans (Dkt. 293) is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent it seeks to exclude Mr. Evans's testimony that "[b]anks are routinely familiar with setting up escrow accounts and customers requesting an escrow account can get assistance from a bank manager or assistant manager in setting up such an escrow account." It is denied to the extent it seeks to exclude Mr. Evans's testimony on "the custom and practice of claims professionals in the insurance industry."

**SO ORDERED** this 30th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE